IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| LINDA POWELL, *as Personal Representative* *of the Estate of Ronald Jenkins*, <br><br> Plaintiff, <br><br> vs. <br><br> JASON T. BARRY, <br><br> Defendant. | No. 2:22-cv-01604-DCN <br><br> **ORDER** |

The following matter is before the court on defendant Jason T. Barry's ("Barry") motion to dismiss. ECF No. 22. For the reasons set forth below, the court grants the motion.

## I. BACKGROUND

This case arises from a car accident that occurred on May 21, 2020, which resulted in the death of decedent Ronald Jenkins ("Jenkins" or the "decedent"). ECF No. 1, Compl. ¶¶ 4–10. The complaint alleges that as Jenkins was making a left turn, Barry—driving well over the speed limit—crashed into Jenkins's car which caused Jenkins to sustain serious injuries resulting in his death. Id. ¶¶ 6–10. At the time of the collision, Barry was employed as a Deputy with the Charleston County Sheriff's office; the complaint alleges that "at all times relevant, [] Barry was acting under color of law." Id. ¶¶ 12–13. The South Carolina Highway Patrol Multi-Disciplinary Accident Investigation Team investigated the collision and determined that Barry was the sole contributing cause of the collision and that had Barry been traveling the posted speed the collision would not have occurred. Id. ¶¶ 15–18.

1

On May 20, 2022, plaintiff Linda Powell ("Powell"), as personal representative of the Estate of Jenkins, filed the complaint against Barry alleging a violation of substantive due process pursuant to 42 U.S.C. § 1983. ECF No. 1, Compl. ¶ 2. On June 20, 2023, Barry filed the instant motion to dismiss for failure to state a claim. ECF No. 22. On June 29, 2023, Powell responded in opposition, ECF No. 23, to which Barry replied on July 5, 2023, ECF No. 24. On August 29, 2023, the court held a hearing on this motion. ECF No. 27. As such, the motion has been fully briefed and is now ripe for review.

## II.  STANDARD

### A. Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) … does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Mylan Laby's, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Lab'ys, 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. DISCUSSION

Barry provides two arguments for dismissal. ECF No. 22. Barry first argues that Powell's complaint fails to allege "state action" or "action under the color of law," which is a required element of a 42 U.S.C. § 1983 claim. Id. at 3–4. Rather, the complaint at most alleges that Deputy Barry was speeding in a Charleston County Sheriff's Office vehicle while employed with that office and by driving negligently—not in a pursuit or responding to an emergency—crashed into the decedent's car. Id. Barry emphasizes that there is no allegation that he was making an arrest, flashing his badge, operating his lights or sirens, pursuing a criminal, responding to an emergency (real or perceived), responding to a non-emergency call, placing someone into custody, or otherwise exercising the duties he would only have as a law enforcement officer. Id. at 7. Thus, there was no state action or action under color of state law. Id. Barry most succinctly explains his argument when he says that Powell "has simply pled a tort action and captioned it as a Section 1983 claim." Id. at 9. Second, Barry argues that if the court finds that Powell has alleged state action, Barry would nevertheless be entitled to qualified immunity as there is no clearly established law that would have put Barry on notice that such an accident would subject him to a civil rights action. Id. Rather, the appropriate remedy would be a civil case brought pursuant to the South Carolina Tort

Claims Act ("SCTCA")—which Barry explains is in fact ongoing in the Charleston County Court of Common Pleas, Case No. 2021-CP-10-00300 (the "state tort action"). Id. at 8–9. As such, Barry argues that the federal case should be dismissed for failure to state a claim. Id. at 11.

In response, Powell provides three counterarguments to Barry's first argument regarding elements of a Section 1983 claim: (1) she asserts that Barry admitted he was acting under color of law at the time of the incident in question and is estopped from arguing otherwise; (2) she further alleges that her complaint clearly states he was acting under color of state law and includes several supporting factual assertions; and (3) alternatively, Powell requests permission to amend her complaint. ECF No. 23 at 1. Second, Powell rebuts Barry's qualified immunity argument by claiming that he fails to account for precedent from the Supreme Court and the Fourth Circuit which created clearly established law for police driving misconduct. Id.

In reply, Barry argues that even if Powell were to amend her complaint to add that he was dressed in uniform with a gun and badge and traveling in a marked vehicle, such an amendment would not provide the state action sufficient to establish that he was acting under color of state law. ECF No. 24 at 4–6. Moreover, Barry contends that Powell has cited no caselaw that clearly establishes that a law enforcement officer who exceeds the posted speed limit in his patrol car, which results in an accident, becomes liable under substantive due process. Id. at 6. Rather, Barry systematically evaluates each of Powell's citations and differentiates them from the facts in the instant case such that no case clearly establishes that a police officer speeding in a police car without responding to official police business or appearing to respond would be subject to a substantive due

4

process lawsuit. Id. at 7. Stated otherwise, Barry argues that Powell has not overcome qualified immunity. Id. at 7–8. The court considers the parties' arguments in turn.

### A. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). First, accepting all of Powell's well-pleaded allegations as true, the court considers the complaint to allege that the secured rights at issue are alternatively the right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking conduct as secured by the Fourteenth Amendment; or the right to be free from deprivation of life, liberty, and property without substantive due process and from state created/enhanced danger as secured by that same amendment. Compl. ¶ 26. Second, the court also construes Powell's alleged facts to state that Barry operated his patrol vehicle while in uniform and in possession of his badge and gun at the time of the collision. See id. ¶¶ 24–30. Powell specifies that Barry was driving his patrol vehicle at a high speed "without responding to an emergency or chasing a criminal suspect." Id. ¶ 25.

First, the Supreme Court has explained that "the due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm." Cnty. of Sacramento v. Lewis, 523 U.S. 833, 848 (1998). Rather, "the cognizable level of executive abuse of power" for a Fourteenth Amendment violation under § 1983 is "that which shocks the conscience." Id. at 847. The Lewis Court explained that the "shocks the conscience" standard is met where conduct is

5

"intended to injure" and is "unjustifiable by any government interest." Id. at 849. The Fourth Circuit has counseled that "when an officer is able to make unhurried judgments with time to deliberate, such as in the case of a non-emergency, deliberate indifference is the applicable culpability standard for substantive due process claims involving driving decisions." Dean ex rel. Harkness v. McKinney, 976 F.3d 407, 415 (4th Cir. 2020), cert. denied, 141 S. Ct. 2800 (2021). Thus, the court must consider whether Barry's conduct, when viewed in the light most favorable to Powell, demonstrated deliberate indifference to the decedent's life and safety. Id. at 416. "An officer's actions demonstrate deliberate indifference where the evidence shows that the officer subjectively recognized a substantial risk of harm and that his actions were inappropriate in light of the risk." Id. Barry was driving seventy-four miles per hour in a forty-five-mile-per-hour zone. ECF No. 23 at 10. Thus, Powell has plausibly alleged that Barry knowingly disregarded a substantial risk of serious harm and that his deliberate indifference to life and safety was conscience-shocking, in violation of the decedent's Fourteenth Amendment substantive due process rights. McKinney, 976 F.3d at 417.

Second, the color of law requirement excludes from the reach of § 1983 all "merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (citation and internal punctuation omitted). "If the substance of § 1983 is not to be substantially eviscerated, however, 'its ambit cannot be a simple line between States and people operating outside formally governmental organizations.'" Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) (quoting Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001)). Section 1983 therefore includes within its scope apparently private actions

6

which have a "sufficiently close nexus" with the State to be "fairly treated as that of the State itself." Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974). "'[T]here is no specific formula for defining state action' under this standard." Rossignol, 316 F.3d at 523 (quoting Hicks v. S. Md. Health Sys. Agency, 737 F.2d 399, 402 n.3 (4th Cir. 1984)). Rather, the question of what is fairly attributable to the State "is a matter of normative judgment, and the criteria lack rigid simplicity." Brentwood Acad., 531 U.S. at 295. The crux of this motion asks the court to determine whether Powell has plausibly claimed Barry was acting under color of law at the time of the collision.

Barry claims that Powell has failed to allege "any act or action by Deputy Barry done under the color of State law, statute, ordinance, regulation custom or usage." ECF No. 22 at 4. He goes on to explain that "[a]t most, [Powell] has alleged that Deputy Barry was speeding in a Charleston County Sheriff's Office vehicle while employed with the Charleston County Sheriff's Office and was involved in a motor vehicle accident with the decedent," which amounts to "the tort of negligent driving." Id. He argues that "if the underlying nature of an officer's conduct, whether on or off duty, is personal and not purported to be in the exercise of any state authority," such conduct is not an act under color of state law. Id. at 6. Barry emphasizes that "[t]here is no nexus between his role as a Sheriff's Deputy and the accident"; rather, there is "nothing about his position as a Sheriff's Deputy that would set him apart from the general public under the circumstances alleged." Id. at 7. Thus, he argues that Powell has failed to allege facts that would state a claim under 42 U.S.C. § 1983. Id.

In response, Powell sets forth three arguments in the alternative. First, Powell claims that Barry admitted in his answer "he was at all times in uniform and acting in the

scope of his official duty and under color of state law in his dealings" with the decedent. ECF No. 23 at 4 (citing ECF No. 9, Ans. ¶ 5). Thus, Barry's admission "estops him from challenging the "under color of state law" element of Ms. Powell's claim."[1] Id. Second, Powell claims that her complaint directly alleges that Barry acted under color of state law. Id. at 7. She claims that there are certain traditional indicators of state authority "including the use of a state-issued patrol vehicle and wearing a police uniform." Id. at 7–8 (citing Revene v. Charles Cnty. Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989)). Powell's complaint plainly alleges that Barry was driving a Charleston County Sheriff's Office patrol vehicle at the time of the collision. Id. at 8. Thus, she argues that the complaint as stated sufficiently alleges Barry was acting under color of state law at the time of the collision. Id. Third, Powell alternatively requests leave to amend her complaint. Id. She proposes "to add to her factual allegations only those assertions that Barry has expressly made or acknowledged in the state court litigation," pursuant to Fed. R. Civ. P. 15(a)(2). Id. at 8–9.

In reply, Barry once again emphasizes that Powell has not adequately stated that the collision occurred while Barry was acting under color of state law. ECF No. 24 at 1–6. First, Barry explains that Powell misconstrues his filings in the state tort action because the terms "state action" and "color of law" are two distinct concepts "that must be analyzed separately, even though the analysis of each is similar." Id. at 2. Second, Barry highlights that there are no allegations in the complaint that suggest he made use of

---

[1] Powell cites to many of Barry's assertions in the state tort action, Powell v. Barry, Civil Action No. 2021-CP-10-00300 (Charleston Cnty. Ct. C.P.). She also claims that he makes several factual assertions in his motion for summary judgment in the state tort action that are inconsistent with his argument to this court. ECF No. 23 at 5–6.

his authority as a sheriff's deputy to violate the decedent's federally protected rights; rather, there is nothing about the alleged conduct that would be unique to law enforcement. Id. at 3. Thus, "the Complaint alleges private conduct, albeit performed by a state actor, that cannot be attributable to the State." Id. Notably, the accident occurred at 5:58 a.m. and Barry was driving the patrol car because he brought it home from work the preceding evening.[2] Id. at 5 n.3; ECF No. 23 at 6. Third, Barry argues that Powell's proposed amendments would not save the case because the inclusion of facts that specify Barry was in uniform, with a gun and a badge, and traveling in a marked vehicle still does not adequately state a claim since he was not using any of those items "to assert authority or otherwise act upon the [] decedent as only one cloaked with [police] authority could." Id. at 4. Thus, Barry again emphasizes that Powell's claims fail to state a claim for relief pursuant to 42 U.S.C. § 1983.

The court finds that the collision did not occur while Barry was acting under color of state law. To be sure, courts have found that police officers can be acting under color of state law even when off duty and in plain clothes if the complained of actions arise from their official duties. See Rossignol, 316 F.3d at 524 (finding defendant police officers acted under color of law when they sought to seize and suppress distribution of the newspaper that challenged their fitness for public office notwithstanding that the officers were off duty, wearing plainclothes, and driving their personal cars); see also

---

[2] The motion for summary judgment filed in the state tort action was provided by Powell as an attachment to her response in opposition and it provides additional details. See ECF No. 23-1. It specifies that at the time of the collision, Barry was on his way to the precinct to report for mandatory COVID testing prior to starting his active duty shift. Id. at 6. At the hearing, the court confirmed as much, and Barry stated that he was not "on the clock" or otherwise receiving payment from the Sheriff's Office while he was driving to the testing site. ECF No. 27.

Layne v. Sampley, 627 F.2d 12, 13 (6th Cir. 1980) (finding the off-duty police officer in plain clothes acted under color of law when he shot the plaintiff because the animosity grew out of the police officer's performance of his official duties); United States v. Causey, 185 F.3d 407, 415–16 (5th Cir. 1999) (finding a police officer acted under color of law when he conspired with two civilians to murder a woman because she complained of the officer's actions in his official capacity after she filed police brutality charges against him). In contrast, "where the action arises out of purely personal circumstances, courts have not found state action even where a defendant took advantage of his position as a public officer in other ways." Rossignol, 316 F.3d at 524; see also Martinez v. Colon, 54 F.3d 980, 987 (1st Cir. 1995) (finding no state action where an on-duty police officer shot his coworker with a police revolver at the stationhouse because the shooting arose form a personal wish to torment an acquaintance where the defendant's status as a police officer was irrelevant to the torment); Bonsignore v. City of N.Y., 683 F.2d 635, 638–39 (2d Cir. 1982) (finding no state action where police officer shot his wife with a police revolver and then committed suicide). Indicia of state authority—such as an officer being on duty, wearing a uniform, or driving a police car—are important considerations, although they are not dispositive. Revene, 882 F.2d at 872. Ultimately, "the nature of the act performed is controlling," and "[t]he act therefore must be carefully scrutinized to determine whether an officer, when either on or off duty, is acting under color of state law." Id.

      The parties have provided no evidence that the collision operated as anything more than a car accident between strangers where one of the persons involved—indeed the purportedly more culpable participant—was a police officer driving a police car in a

10

police uniform while on his way to the precinct before his active-duty shift.  See ECF No. 23 at 8.  In essence, Barry purportedly drove his car significantly faster than the speed limit on his commute to work when the collision occurred.  Id.  Thus, in comparison to the two sets of cases described above, this behavior clearly falls in the latter group where the actions arose out of purely personal circumstances notwithstanding some elements derived from Barry's status as a police officer.  Similarly, the additional details that Powell provided in her response in opposition do not meaningfully change this balance.  In other words, even upon the inclusion into the amended complaint of all of the admissions from Barry and the Charleston County Sheriff Office provided to the state court, this court still would not find that Barry's alleged behavior at the time of the collision arose from his official duties rather than his personal circumstances.  See ECF No. 23 at 5–6.  Finally, the court turns to Powell's claims of estoppel, considering first judicial estoppel and thereafter the alleged party admissions in Barry's answer.

     First, Powell claims that judicial estoppel—namely, Barry's purported admissions his actions were state actions in his motion for summary judgment in the state tort claim—requires the court to conclude that the color of law requirement for a § 1983 claim is met.  ECF No. 23 at 3–5 (citing ECF No. 23-1).  "Judicial estoppel is an equitable doctrine which operates to preclude a party in certain circumstances from adopting a position which conflicts with one previously taken int eh same or related litigation."  Scott v. Land Span Motor, Inc., 781 F. Supp. 1115, 1119 (D.S.C. 1991) (citing Allen v. Zurich Ins. Co., 667 F.2d 1162, 1166 (4th Cir. 1982)).  For a court to invoke judicial estoppel, it must find that the party against whom the doctrine is being invoked has adopted a position which is materially different from a position successfully

adopted by that party in a prior proceeding. Id. (citing Allen, 667 F.2d at 1166). "[A]lthough the party against whom estoppel is being invoked need not have prevailed on the ultimate merits of its case, it must have convinced the judicial or quasi-judicial body to adopt its position." Scott, 781 F. Supp. at 1120 (emphasis added) (citing Davis v. Wakelee, 156 U.S. 680, 689 (1895)). On October 18, 2021, Barry filed a motion for summary judgment in the state tort action, which Powell characterizes as asking the state court to dismiss all state-law claims because the collision took place within the scope of his official duties which would preclude recovery against him pursuant to the SCTCA. See ECF No. 23 at 5; ECF No. 23-1. On June 1, 2022, Powell and the defendants in the state tort action consented to the dismissal with prejudice of all state law claims brought against Barry. Powell v. Barry, Stipulation of Dismissal, Civil Action No. 2021-CP-10-00300 (Charleston Cnty. Ct. C.P. June 1, 2022). Thus, the state court never reached the merits of Barry's motion for summary judgment, which means that Barry never convinced the judicial body to adopt his position and therefore judicial estoppel based upon the arguments made in his motion would be inappropriate. See Scott, 781 F. Supp. at 1120.

Second, the court considers Powell's claim that Barry's answer admits that "he was at all times in uniform and acting in the scope of his official duty and under color of state law in his dealings with [the] decedent." Ans. ¶ 5. Powell argues that his answer admits "he was at all times in uniform and acting in the scope of his official duty and under color of state law in his dealings" with the decedent. ECF No. 23 at 4 (citing ECF No. 9, Ans. ¶ 5). Under the rule of judicial admission, "a party is bound by the admissions of his pleadings." Lucas v. Burnley, 879 F.2d 1240, 1242 (4th Cir. 1989).

But, the doctrine of judicial admissions "has never been applied to counsel's statement of his conception of the legal theory of the case." New Amsterdam Cas. Co. v. Waller, 323 F.2d 20, 24 (4th Cir. 1963); see also United States v. Holness, 706 F.3d 579, 592 (4th Cir. 2013) (applying New Amsterdam to explain that the court possess the discretion under appropriate circumstances to disregard the parties' inattention to a particular argument or issue). Moreover, "a court, unquestionably, has the right to relieve a party of his judicial admission if it appears that the admitted fact is clearly untrue and that the party was laboring under a mistake when he made the admission." Id. Whether or not Barry was acting under color of law is a conclusion of law that cannot be definitively established by a judicial admission. See id. Moreover, even if the court were to construe Barry's admission that he was acting under color of state law as a fact rather than a legal conclusion, it would be unsupported by evidence and precedent. Id. Thus, the second requirement for a plaintiff to bring a cognizable legal claim pursuant to 42 U.S.C. § 1983 is not met and Powell has failed to state a claim for relief. For this reason, the court grants Barry's motion to dismiss for failure to state a claim. However, in the interest of completeness, the court also provides analysis of the qualified immunity claim.

### B. Qualified Immunity

The Supreme Court has established a two-step analysis for qualified immunity claims. See Saucier v. Katz, 533 U.S. 194, 201 (2001). First, the court must determine "'whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation.'" Wilson v. Layne, 526 U.S. 603, 609 (1999) (quoting Conn v. Gabbert, 526 U.S. 286, 290 (1991)); see also Suarez Corp. Indus. v. McGraw, 202 F.3d

676, 685 (4th Cir. 2000). The court has already reviewed, supra III.A, whether Powell has adequately alleged a substantive due process claim sufficient to survive a motion to dismiss. It has concluded that Powell has not met that threshold showing and therefore the first step to overcome qualified immunity is not met. Nevertheless, the court turns towards the second consideration to evaluate whether that right was clearly established at the time of the collision.

"To be clearly established, the right violated must be 'sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" McKinney, 976 F.3d at 417 (quoting Owens ex rel. Owens v. Lott, 372 F.3d 267, 279 (4th Cir. 2004)). This determination is an objective one, dependent not on the subjective beliefs of the particular officer at the scene, but instead on what a hypothetical, reasonable officer would have thought in those circumstances. Id. "'Clearly established' does not mean that 'the very action in question has previously been held unlawful,' but it does require that, 'in the light of pre-existing law the unlawfulness [of the official's conduct] must be apparent.'" Owens, 372 F.3d at 279 (quoting Wilson v. Layne, 526 U.S. 603, 615 (1999)). Public officials can be on notice that their conduct violates established law even in novel factual circumstances, so long as the law provided fair warning that their conduct was wrongful. See Williamson v. Stirling, 912 F.3d 154, 187 (4th Cir. 2018).

Barry argues that he is entitled to qualified immunity. ECF No. 22 at 7. He claims that Powell has not identified—and Barry has not found—any case law "that would clearly put Deputy Barry on notice . . . for simply getting into an automobile accident with the decedent where speed was an alleged causative factor, but no state

action, action under the color of state law, or law enforcement action was taken." Id. at 9. He explains that Powell "has alleged nothing more than a tort committed by a state actor doing nothing more than driving his car too fast." Id. at 11. In response, Powell contends that "[i]n seeking qualified immunity, Barry ignores the leading Supreme Court precedent on substantive due process claims for police driving errors . . . and the leading Fourth Circuit precedent on clearly established law in this area." ECF No. 23 at 9 (citing Lewis, 523 U.S. 833; McKinney, 976 F.3d 407). Powell specifies that the qualified immunity question "is whether immunity extends to an officer who chooses to drive a county-issued police vehicle at nearly 30 miles-per-hour over the speed limit on crowded city streets when the officer knows there was no emergency or other reason to drive at such dangerous speeds." Id. at 10. Considering binding precedent from McKinney and Lewis, and persuasive decisions from other circuits, Powell argues that Barry's decision to speed was so obviously unlawful that it did not require a detailed explanation to provide fair notice of liability for a substantive due process violation. Id. at 17. In reply, Barry argues that all the cases Powell cites to overcome qualified immunity are distinguishable because each of them at least tangentially exercised explicit law enforcement conduct. ECF No. 24 at 6–7. As such, Barry claims that the law was not clearly established. Id.

The court holds that taking all well-pleaded allegations as true, the facts in the complaint indicate the law was clearly established at the time the collision occurred. The accident occurred on May 21, 2020. Compl. ¶ 4. The Fourth Circuit decided a case with almost identical facts later that year in October 2020. See McKinney, 976 F.3d 407. To be sure, the court cannot rely solely on McKinney to find that Barry's substantive due

15

process rights were clearly established since the Fourth Circuit's decision was published months after the May 2020 collision. See Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011) (explaining that the constitutional right must be clearly established at the time of the challenged conduct). Nevertheless, the court may rely on the Fourth Circuit's reasoning provided in McKinney since the facts are analogous and the incident giving rise to that lawsuit occurred in October 2016, well before the May 2020 collision at issue in this case. McKinney, 976 F.3d at 411.

    In McKinney, the Fourth Circuit considered a Section 1983 lawsuit brought against a police officer who lost control of his vehicle on a curved and unlit section of the road, resulting in him crossing the center line and striking the plaintiff's sedan nearly head-on. Id. at 412. The officer was traveling over eighty-three miles per hour—at least thirty-eight miles per hour over the forty-five miles-per-hour speed limit. Id. Though the officer had activated his emergency lights and siren to proceed to the location of another officer, a few seconds later he was radioed to cancel the emergency and proceed in a non-emergency response where officers must abide by all traffic laws, resulting in him deactivating his emergency lights and siren. Id. The collision in McKinney occurred approximately two minutes after the radioed cancellation of the emergency response—meaning almost two minutes after he turned his siren and emergency lights off. Id. The Fourth Circuit noted that though there was no case directly on point to inform its analysis, "core constitutional principles set forth in numerous cases lead [the court] to the conclusion that [the plaintiff's] substantive due process right was clearly established." Id. at 418–19 (citing Lewis, 523 U.S. at 851; Checki v. Webb, 785 F.2d 534, 538 (5th Cir. 1986); Green v. Post, 574 F.3d 1294 (10th Cir. 2009); Browder v. City of Albuquerque,

787 F.3d 1076 (10th Cir. 2015); <u>Sauers v. Borough of Nesquehoning</u>, 905 F.3d 711 (3d Cir. 2018)).  The Fourth Circuit found that as early as 2016, a reasonable officer in McKinney's position would have known his conduct—driving well over the speed limit in a non-emergency, non-pursuit situation—was not only unlawful, but also that it created a substantial risk of serious harm to those around him.  <u>Id.</u> at 419.  Thus, the court held that the officer's conduct was not entitled to qualified immunity.  <u>Id.</u>  Similarly, here a reasonable officer would have known that speeding well over the established limit and causing an accident as a result was unlawful and created a substantial risk of serious harm to those around him.  <u>See</u> <u>id.</u>  As such, the court finds that the law was clearly established at the time of the collision.  <u>See</u> <u>id.</u>  However, since the court finds that Powell has not pleaded facts that establish Barry was acting under color of law, Powell has not alleged facts sufficient to give rise to a cognizable 42 U.S.C. § 1983 claim, nor has Powell met the first prong to overcome qualified immunity.

### IV.  CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion to dismiss.

**AND IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　DAVID C. NORTON
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

**September 1, 2023**
**Charleston, South Carolina**